# Court of Appeals
## Tenth Appellate District of Texas

---

10-23-00341-CR, 10-23-00342-CR

---

Jerry Lance Durdin,
Appellant

v.

The State of Texas,
Appellee

---

On appeal from the
278th District Court of Madison County, Texas
Judge Hal R. Ridley, presiding
Trial Court Cause Nos. 21-13775, 21-13777

---

JUSTICE SMITH delivered the opinion of the Court.

## MEMORANDUM OPINION

The underlying cases were tried together. Durdin entered open pleas of guilty to the offenses of possession of a controlled substance in penalty group one in an amount of one gram or more but less than four grams (cause number 21-13775) and delivery of a controlled substance in penalty group one in an amount of one gram or more but less than four grams (cause number 21-13777). *See* TEX. HEALTH & SAFETY CODE ANN. §§ 481.112(c), 481.115(c). Each

offense was enhanced by one prior final felony conviction. *See* TEX. PENAL CODE ANN. § 12.42. After the sentencing hearing, the trial court pronounced Durdin's punishment at ten years in prison in cause number 21-13775 and twenty years in prison in cause number 21-13777, to run concurrently. These appeals followed. We affirm the judgments of the trial court as modified.

**Pertinent Procedural Background**

Durdin's appointed counsel has filed a consolidated motion to withdraw and an *Allison* brief in support of the motion addressing both cases, asserting that he has diligently reviewed the appellate record and that, in his opinion, the appeals are frivolous. *See Allison v. State*, 609 S.W.3d 624, 628-29 (Tex. App.—Waco 2020, order). In his *Allison* brief, Durdin's appointed counsel did not raise any potential reversible error, but he did present nonreversible error in each judgment.

In his motion to withdraw, Durdin's appointed counsel indicated that he provided Durdin with a copy of the motion to withdraw and the *Allison* brief, that he provided Durdin with a pro forma motion to access the appellate record, and that he instructed Durdin on how to continue these appeals *pro se* and his right to file a petition for discretionary review. Durdin has not filed a *pro se*

response to appointed counsel's *Allison* brief. The State also has not filed a response to the *Allison* brief.[1]

Counsel's brief evidences a professional evaluation of the record for error and compliance with other duties of appointed counsel. We conclude that counsel has performed the duties required of appointed counsel. *See Anders v. California*, 386 U.S. 738, 744, 87 S. Ct. 1396, 1400, 18 L. Ed. 2d 493 (1967); *See also Kelly v. State*, 436 S.W.3d 313, 319-20 (Tex. Crim. App. 2014); *In re Schulman*, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008).

In reviewing an *Anders* appeal, we must, "after a full examination of all the proceedings … decide whether the case is wholly frivolous." *Anders*, 386 U.S. at 744, 87 S. Ct. at 1400; *See Penson v. Ohio*, 488 U.S. 75, 82-83, 109 S. Ct. 346, 351, 102 L. Ed. 2d 300 (1988); *accord Stafford v. State*, 813 S.W.2d 503, 509-11 (Tex. Crim. App. 1991). An appeal is "wholly frivolous" or "without merit" when it lacks any basis in law or fact." *McCoy v. Court of Appeals*, 486 U.S. 429, 439 n. 10, 108 S. Ct. 1895, 100 L. Ed. 2d 440 (1988). After a review of the entire record in these appeals, we have determined that the appeals are

---

[1] Durdin's appointed counsel originally filed briefs on the merits raising the same issues that are raised in the new *Allison* brief (as well as one issue of alleged nonreversible error in trial court cause number 21-13777 that was omitted from the *Allison* brief). The State filed a responsive brief to Durdin's original briefs. Because none of the issues raised would result in the reversal of Durdin's convictions or punishments, we struck appointed counsel's original briefs with instructions to either file briefs raising one or more issues of reversible error, or file motions to withdraw accompanied by *Allison* briefs. Though given the opportunity to file a new response to the *Allison* brief, the State has not done so.

wholly frivolous, meaning that there is no reversible error in the record. *See*

*Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005); *see also*

*Cummins v. State*, 646 S.W.3d 605, 618-19 (Tex. App.—Waco 2022, pet. ref'd).

Counsel's motions to withdraw from representation are granted.

## Nonreversible Error Detected

Despite finding no reversible error, appointed counsel has presented

nonreversible errors that we recognize as Category 2 nonreversible errors that

are unpreserved but not subject to procedural default. *See Cummins*, 646

S.W.3d at 613-15; *London v. State*, 490 S.W.3d 503, 507 (Tex. Crim. App. 2016);

*Johnson v. State*, 423 S.W.3d 385, 390-91 (Tex. Crim. App. 2014). Specifically,

Durdin's appointed counsel argues that the trial court committed

nonreversible error by ordering reimbursement of court-appointed attorney's

fees and lab fees in each case.

ATTORNEY'S FEES

Durdin argues that the evidence is insufficient to support the trial court's

finding that he had the ability to repay his court-appointed attorney's fees in

each case. *See* TEX. CODE CRIM. PROC. ANN. art. 26.05(g). We agree.

A trial court has the authority to order a defendant to reimburse all or

part of his court-appointed attorney's fees if the trial court determines that the

defendant has the financial resources to enable him to offset the costs of the

legal services provided.  *See id.*  When a trial court makes such a finding, the record must reflect some factual basis to support the determination that the defendant is capable of paying all or some of his attorney's fees at the time of judgment.  *See Mayer v. State*, 309 S.W.3d 552, 555-56 (Tex. Crim. App. 2010); *Briceno v. State*, 675 S.W.3d 87, 98 (Tex. App.—Waco 2023, no pet.).  For purposes of assessing attorney's fees, once a defendant is found to be indigent, he is presumed to remain indigent for the remainder of the proceedings in the case unless a material change in the defendant's circumstances occurs.  *See* TEX. CODE CRIM. PROC. ANN. art. 26.04(p); *Mayer*, 309 S.W.3d at 557.  The evidence will not support an imposition of attorney's fees if there is no indication in the record that an indigent defendant's financial status has in fact changed.  *Wiley v. State*, 410 S.W.3d 313, 317 (Tex. Crim. App. 2013) (citing *Mayer*, 309 S.W.3d at 557).  When there is insufficient evidence to support the assessment of court-appointed attorney's fees, the proper remedy is to reform the judgment by deleting the attorney's fees.  *Briceno*, 675 S.W.3d at 98.

Here, on April 13, 2022, the trial court determined that Durdin was indigent and appointed trial counsel in each case.  Durdin was thus presumed to remain indigent absent proof of a material change in his financial circumstances.  After Durdin entered open pleas of guilty in each case, the trial court conducted a sentencing hearing on September 28, 2023.  During the

sentencing hearing, Durdin testified that he was receiving unemployment benefits before he was arrested and that he had been in custody for fifteen months.

The trial court's judgments, citing to article 26.05(g), include a finding that "the Defendant has financial resources that enable Defendant to offset in part or in whole the cost of the legal services provided to Defendant." *See* TEX. CODE CRIM. PROC. ANN. art. 26.05(g). The judgments also include assessments of attorney's fees in the amount of $100 in cause number 21-13775 and $1,000 in cause number 21-13777. However, the record contains orders appointing appellate counsel for Durdin in each case that were signed on the same date as the judgments. These appointment orders specifically find Durdin to be indigent under "Code of Criminal Procedure, Chapter 26."

A trial court's determination under article 26.05(g) "requires a present determination of financial resources" made at the time of the judgment.[2] *Cates v. State*, 402 S.W.3d 250, 252 (Tex. Crim. App. 2013). Notably, Durdin was expressly found to be indigent on the same date that the trial court assessed

---

[2] We note that the clerk's records in each case contain the plea paperwork for Durdin's open guilty pleas. Both sets of paperwork are dated June 20, 2023 and include a statement in which Durdin acknowledges "that I have read and understand all fines and costs assessed in the judgment before the Court. Understanding theses [sic] fines and costs assessed I afform [sic] that I have the ability and means to pay the fines and costs assessed in the judgment in the manner and means contained therein." Even assuming that Durdin's acknowledgement in his plea paperwork that he had "the ability and means to pay the fines and costs assessed" constitutes some evidence of his ability to repay attorney's fees, this stipulation was made more than three months before the attorney's fees were assessed in the judgments.

the attorney's fees in each judgment. We find that there is no factual basis in the record supporting the trial court's determination that Durdin was capable of reimbursing his court-appointed attorney's fees at the time of judgment.

Accordingly, we modify the judgments in each case to delete the assessment of court-appointed attorney's fees.

DPS LAB FEE

Durdin asserts that the judgment in each case should be modified to delete his requirement to pay a $180 lab fee to the Texas Department of Public Safety ("DPS"). We agree.

The judgments in each case require Durdin to pay "$180.00 restitution to DPS for testing of drugs." We recently held that a DPS lab fee is properly classified as a court cost, not as restitution. *Shircliff v. State*, 654 S.W.3d 788, 792 (Tex. App.—Waco 2022, no pet.). We reasoned that the purpose of the lab fee, as indicated in the judgments in each of these cases, is to reimburse DPS for laboratory testing and not to restore any victim of the criminal offense to the "status quo ante" position he was in before the offense. *Id.* A trial court may order a defendant to pay lab fees as a condition of community supervision, but a trial court has no authority to order reimbursement of DPS lab fees when the defendant is sentenced to prison. *Id.* Here, Durdin was sentenced to prison

in each case. The $180 DPS lab fee was not validly assessed. Accordingly, we modify the judgments in each case to delete the $180 DPS lab fee.

## Conclusion

We modify the trial court's judgment in cause number 21-13775 to delete the assessment of $100 in attorney's fees and the $180 DPS lab fee, and we affirm the judgment as modified. We modify the trial court's judgment in cause number 21-13777 to delete the assessment of $1,000 in attorney's fees and the $180 DPS lab fee, and we affirm the judgment as modified. We grant counsel's motions to withdraw from representation in each case.

_____
STEVE SMITH
Justice

OPINION DELIVERED and FILED: July 17, 2025

Before Chief Justice Johnson,
      Justice Smith, and
      Justice Harris
Affirmed as modified; motions granted
Do not publish
[CR25]

